```
PHILLIP A. TALBERT
United States Attorney
MICHAEL D. ANDERSON
CHRISTOPHER S. HALES
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America
```

FILED

MAR 24 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JAMAL SHEHADEH, et al.,<br><br>　　　　Defendants. | CASE NO. 2:16-CR-0038 MCE<br><br>[~~PROPOSED~~] SEALING ORDER<br><br><br>COURT: Hon. Morrison C. England, Jr. |

**Sealing Order**

　　The Court has reviewed and considered the government's Request to Seal Documents (ECF 81) in support of sealing the 31 pages of exhibits to defendant Jamal Shehadeh's motion for disclosure of confidential informants. See ECF 68, 69. Those exhibits were labeled as Exhibits A through H of defendant's motion and were filed under seal by the defendant Jamal Shehadeh. They consist of select excerpts from interview memorandums and search warrant affidavits pertaining to witnesses in this case whose identities the government has protected by redacting or withholding their names from the documents in question. The documents are subject to the stipulated Protective Order in this case entered on March 28, 2016. See ECF 22.

　　The Court has also reviewed the government's concurrently filed Notice of Request to File Documents Ex Parte Under Seal, the Request to File Documents *Ex Parte* Under Seal, and Proposed Order. Those documents seek permission to file part B.2.a of the government's Request to Seal

Documents (ECF 81) and two accompanying exhibits *ex parte* under seal on the grounds that disclosure of those materials so filed would reveal the existence and nature of an ongoing criminal investigation and could give subject(s) of the investigation an opportunity to flee, destroy or tamper with evidence, change their patterns of behavior, and/or notify confederates.

The Court has considered the applicable legal standard pertaining to the sealing of documents. In particular, the public and the press have a presumed right of access to court proceedings and associated filings. *See CBS, Inc. v. United States Dist. Court*, 765 F.2d 823, 825 (9th Cir. 1985) (Kennedy, J.). This right derives from two sources: the common law, see *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978); accord *In re Copley Press, Inc.*, 518 F.3d 1022, 1029 (9th Cir. 2008), and First Amendment, see *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603–04 (1982); accord *Oregonian Publ'g Co. v. United States Dist. Court*, 920 F.2d 1462, 1465 (9th Cir. 1990). Because the First Amendment standard is more stringent than the common law standard, "courts have tended to employ the First Amendment standard in situations in which both rights of access are implicated." *In re Providence Journal Co.*, 293 F.3d 1, 11 (1st Cir. 2002); *see In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986).

The First Amendment right of access can only be overcome by a showing that "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Oregonian Publ'g Co. v. United States Dist. Court*, 920 F.2d 1462, 1466 (9th Cir. 1990); *accord In re Copley Press, Inc.*, 518 F.3d 1022, 1028 (9th Cir. 2008). Moreover

For the reasons stated in the government's Request to Seal Documents (ECF 81), the Court finds that sealing the 31 pages of exhibits to defendant Jamal Shehadeh's motion for disclosure of confidential informants serves the compelling interest of protecting witness safety and protecting witnesses from tampering in this case, there is a substantial probability that these interests would be harmed in the absence of closure, and there are no alternatives to closure that would adequately protect that interest at this time.

The Court further finds that section B.2.a of the government's Request to Seal Documents (ECF 81) and the accompanying two exhibits are appropriately filed *ex parte* under seal for the same reasons,

1  and for the additional reasons stated in the government's motion that disclosure of those materials would
2  reveal the existence and nature of an ongoing criminal investigation and could give subject(s) of the
3  investigation an opportunity to flee, destroy or tamper with evidence, change their patterns of behavior,
4  and/or notify confederates. The Court finds that the government's interest in submitting these materials
5  *ex parte* is substantial, and substantially outweighs any interest the defendants have in accessing them
6  under the circumstances.

    Accordingly, IT IS HEREBY ORDERED as follows:

1. The 31 pages of exhibits that were filed under seal with defendant Jamal Shehadeh's motion for disclosure of confidential informants (labeled for purposes of that motion as Exhibits A through H) shall remain under seal until further notice, and that only government counsel and support personnel, defense counsel and support personnel, and the Court and support personnel be permitted access to those sealed documents. See ECF 68, 69.

2. Section B.2.a and Exhibits 1 and 2 of the government's Request to Seal Documents (ECF 81) shall remain *ex parte* and under seal until further notice, and only government counsel and support personnel and the Court and support personnel shall be permitted access to those *ex parte* sealed documents. The government's Request to Seal Documents filed at ECF 81 shall remain on the public docket with section B.2.a remaining redacted.

IT IS SO ORDERED.

Dated: 3.23.17

THE HONORABLE MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE