1  PHILLIP A. TALBERT
   United States Attorney
2  MICHAEL D. ANDERSON
   CHRISTOPHER S. HALES
3  Assistant United States Attorneys
   501 I Street, Suite 10-100
4  Sacramento, CA 95814
   Telephone: (916) 554-2700
5  Facsimile:  (916) 554-2900

6
   Attorneys for Plaintiff
7  United States of America

**FILED**

MAR 24 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                    DEPUTY CLERK

8

9              IN THE UNITED STATES DISTRICT COURT

10               EASTERN DISTRICT OF CALIFORNIA

11  UNITED STATES OF AMERICA,        CASE NO.  2:16-CR-0038 MCE

12              Plaintiff,           [PROPOSED] SEALING ORDER

13         v.

14  JAMAL SHEHADEH, et al.,

15              Defendants.          COURT: Hon. Morrison C. England, Jr.

16

17                        **Sealing Order**

18       The Court has reviewed and considered the government's Request to Seal Documents (ECF 81)

19  in support of sealing the 31 pages of exhibits to defendant Jamal Shehadeh's motion for disclosure of

20  confidential informants. See ECF 68, 69. Those exhibits were labeled as Exhibits A through H of

21  defendant's motion and were filed under seal by the defendant Jamal Shehadeh. They consist of select

22  excerpts from interview memorandums and search warrant affidavits pertaining to witnesses in this case

23  whose identities the government has protected by redacting or withholding their names from the

24  documents in question. The documents are subject to the stipulated Protective Order in this case entered

25  on March 28, 2016. See ECF 22.

26       The Court has also reviewed the government's concurrently filed Notice of Request to File

27  Documents Ex Parte Under Seal, the Request to File Documents *Ex Parte* Under Seal, and Proposed

28  Order. Those documents seek permission to file part B.2.a of the government's Request to Seal

1 | Documents (ECF 81) and two accompanying exhibits *ex parte* under seal on the grounds that disclosure

2 | of those materials so filed would reveal the existence and nature of an ongoing criminal investigation

3 | and could give subject(s) of the investigation an opportunity to flee, destroy or tamper with evidence,

4 | change their patterns of behavior, and/or notify confederates.

5 |      The Court has considered the applicable legal standard pertaining to the sealing of documents.

6 | In particular, the public and the press have a presumed right of access to court proceedings and

7 | associated filings. *See CBS, Inc. v. United States Dist. Court*, 765 F.2d 823, 825 (9th Cir. 1985)

8 | (Kennedy, J.). This right derives from two sources: the common law, see *Nixon v. Warner Commc'ns*,

9 | 435 U.S. 589, 597 (1978); accord *In re Copley Press, Inc.*, 518 F.3d 1022, 1029 (9th Cir. 2008), and

10 | First Amendment, see *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603–04 (1982); accord

11 | *Oregonian Publ'g Co. v. United States Dist. Court*, 920 F.2d 1462, 1465 (9th Cir. 1990). Because the

12 | First Amendment standard is more stringent than the common law standard, "courts have tended to

13 | employ the First Amendment standard in situations in which both rights of access are implicated." *In re*

14 | *Providence Journal Co.*, 293 F.3d 1, 11 (1st Cir. 2002); *see In re Wash. Post Co.*, 807 F.2d 383, 390

15 | (4th Cir. 1986).

16 |      The First Amendment right of access can only be overcome by a showing that "(1) closure serves

17 | a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling

18 | interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the

19 | compelling interest." *Oregonian Publ'g Co. v. United States Dist. Court*, 920 F.2d 1462, 1466 (9th Cir.

20 | 1990); *accord In re Copley Press, Inc.*, 518 F.3d 1022, 1028 (9th Cir. 2008). Moreover

21 |      For the reasons stated in the government's Request to Seal Documents (ECF 81), the Court finds

22 | that sealing the 31 pages of exhibits to defendant Jamal Shehadeh's motion for disclosure of confidential

23 | informants serves the compelling interest of protecting witness safety and protecting witnesses from

24 | tampering in this case, there is a substantial probability that these interests would be harmed in the

25 | absence of closure, and there are no alternatives to closure that would adequately protect that interest at

26 | this time.

27 |      The Court further finds that section B.2.a of the government's Request to Seal Documents (ECF

28 | 81) and the accompanying two exhibits are appropriately filed *ex parte* under seal for the same reasons,

1   and for the additional reasons stated in the government's motion that disclosure of those materials would

2   reveal the existence and nature of an ongoing criminal investigation and could give subject(s) of the

3   investigation an opportunity to flee, destroy or tamper with evidence, change their patterns of behavior,

4   and/or notify confederates.  The Court finds that the government's interest in submitting these materials

5   *ex parte* is substantial, and substantially outweighs any interest the defendants have in accessing them

6   under the circumstances.

7          Accordingly, IT IS HEREBY ORDERED as follows:

8      1.   The 31 pages of exhibits that were filed under seal with defendant Jamal Shehadeh's motion

9           for disclosure of confidential informants (labeled for purposes of that motion as Exhibits A

10          through H) shall remain under seal until further notice, and that only government counsel and

11          support personnel, defense counsel and support personnel, and the Court and support

12          personnel be permitted access to those sealed documents.  See ECF 68, 69.

13     2.   Section B.2.a and Exhibits 1 and 2 of the government's Request to Seal Documents (ECF 81)

14          shall remain *ex parte* and under seal until further notice, and only government counsel and

15          support personnel and the Court and support personnel shall be permitted access to those *ex*

16          *parte* sealed documents.  The government's Request to Seal Documents filed at ECF 81 shall

17          remain on the public docket with section B.2.a remaining redacted.

18          IT IS SO ORDERED.

19   Dated:  3. 25. 17

                              THE HONORABLE MORRISON C. ENGLAND, JR.
                              UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28