| | |
|---|---|
| 1 | MCGREGOR W. SCOTT<br>United States Attorney |
| 2 | MICHAEL D. ANDERSON<br>CHRISTOPHER S. HALES |
| 3 | Assistant United States Attorneys<br>501 I Street, Suite 10-100 |
| 4 | Sacramento, CA 95814<br>Telephone: (916) 554-2700 |
| 5 | Facsimile: (916) 554-2900 |
| 6 | |
| 7 | Attorneys for Plaintiff<br>United States of America |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:16-CR-0038 MCE |
| Plaintiff, | SEALING ORDER |
| v. | |
| JAMAL SHEHADEH, et al., | COURT: Hon. Morrison C. England, Jr. |
| Defendants. | |

**Sealing Order**

The Court has reviewed and considered the government's Request to Seal ECF 328-2 and Replace with Further Redacted Copy in order to protect the names of two potential witnesses in this case. The Court has also considered the applicable legal standard pertaining to the sealing of documents. In particular, the public and the press have a presumed right of access to court proceedings and associated filings. *See CBS, Inc. v. United States Dist. Court*, 765 F.2d 823, 825 (9th Cir. 1985) (Kennedy, J.). This right derives from two sources: the common law, see *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978); accord *In re Copley Press, Inc.*, 518 F.3d 1022, 1029 (9th Cir. 2008), and First Amendment, see *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603–04 (1982); accord *Oregonian Publ'g Co. v. United States Dist. Court*, 920 F.2d 1462, 1465 (9th Cir. 1990). Because the First Amendment standard is more stringent than the common law standard, "courts have tended to employ the First Amendment standard in situations in which both rights of access are implicated." *In re*

*Providence Journal Co.*, 293 F.3d 1, 11 (1st Cir. 2002); *see In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986).

The First Amendment right of access can only be overcome by a showing that "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Oregonian Publ'g Co. v. United States Dist. Court*, 920 F.2d 1462, 1466 (9th Cir. 1990); *accord In re Copley Press, Inc.*, 518 F.3d 1022, 1028 (9th Cir. 2008). Moreover

For the reasons stated in the government's Request to Seal and reflected in the government's Government's Opposition to Defendant's Motion to Withdraw Guilty Plea, sealing ECF 328-2 and placing a further redacted copy of that document on the public docket serves the compelling interest of protecting witness safety and protecting witnesses from tampering in this case, there is a substantial probability that these interests would be harmed in the absence of closure, and there are no alternatives to closure that would adequately protect that interest at this time.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The document at ECF 328-2 in this case shall be placed under seal and remain under seal until further notice. Only government counsel and support personnel, defense counsel and support personnel, and the Court and support personnel be permitted access to that sealed document.
2. The further redacted version of the document at ECF 328-2 that was submitted with the government's Request to Seal shall remain on the public docket.

IT IS SO ORDERED.

Dated: August 17, 2018

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE