1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No.  2:16-cr-0038 MCE CKD P

12                      Respondent,

13          v.                              ORDER AND

14   JAMAL SHEHADEH,                         FINDINGS AND RECOMMENDATIONS

15                      Movant.

16

17          Movant, a federal prisoner represented by counsel, has filed a motion to vacate, set aside,

18   or correct his sentence pursuant to 28 U.S.C. § 2255, asserting that he was denied his right to

19   effective assistance of counsel under the Sixth Amendment.  ECF No. 473.  For the reasons which

20   follow, the court recommends that the motion be denied.

21   I.     Background

22          On February 10, 2018, movant pled guilty to two counts of arson to commit another

23   felony, violations of 18 U.S.C. § 844(h)(1).  ECF Nos. 201 (plea agreement); 191 (minutes from

24   change of plea hearing).  One of the provisions of the plea agreement was that "the government

25   agrees not to bring charges against…[movant's wife] Iman Karejah, [1] and [sister] Sabreen

26   ───────────────────

27   [1]  There seems to be a dispute as to whether movant and Karejah were married.  E.g. ECF No.
     494 at 1.  Whether they were is immaterial here.  Also, Ms. Karejah is referred to as "Karajah" in
     various parts of the record including movant's plea agreement.  ECF No. 201. at 5.  The court

28   refers to her as "Karejah" as that is the spelling used by movant in his declaration in support of

                                                    1

Shehadeh,[2] regarding their contacts with Person 1 and Person 2." ECF No. 201 at 5.  Respondent

also agreed not to seek forfeiture of a house located at 4011 West Nichols Avenue in Sacramento.

Id. at 6.  That same day, pursuant to the terms of the plea agreement, movant was sentenced to

consecutive terms of 10 and 20-years imprisonment.  ECF No. 191.

Movant filed a motion seeking to withdraw his plea on April 26, 2018. ECF No. 283.  His

motion was denied on September 7, 2018. ECF No. 346.  Movant appealed the denial of the

motion to withdraw his plea, but the Ninth Circuit affirmed the denial.  ECF Nos. 439, 440.

In an opinion issued June 18, 2020, the Ninth Circuit wrote:

> The district court, as required, addressed Shehadeh in open court and
> determined his plea was voluntary and did not result from force,
> threats, or promises (other than promises in the plea agreement). Fed.
> R. Crim. P. 11(b)(2).  Specifically, Shehadeh affirmed that he entered
> his pleas voluntarily and because he was guilty, and that no one had
> threatened him or made any promises to try to induce him to plead
> guilty.  The government interjected that it did not threaten to
> prosecute the defendant's family members or forfeit his ex-wife's
> property.  And Shehadeh affirmed there was no undue pressure.
>
> Based on its several inquiries as to the voluntariness of Shehadeh's
> plea, the district court properly credited Shehadeh's testimony at the
> Rule 11 hearing over his subsequent claims of coercion.  *See United
> States v. Castello*, 724 F.2d 813, 815 (9th Cir. 1984). "We will not
> upset the trial court's findings of fact unless they are clearly
> erroneous." *Id.*  Accordingly, we hold the district court did not err in
> concluding that Shehadeh's plea was not coerced by threats or
> promises not to prosecute his family or forfeit their property.

ECF No. 439 at 10-11.[3]

Movant did not file a petition for a writ of certiorari in the Supreme Court.

/////

---

his § 2255 motion.  ECF No. 473-1.

[2]  In the plea agreement, Sabreen's last name is spelled "Shihadeh."  ECF No. 201 at 5.  In other
parts of the record her last name is spelled the same as movant's. The court refers to her as Ms.
Shehadeh for clarity's sake.

[3] These findings now constitute the law of the case which binds this court on collateral review.
See Milgard Tempering, Inc. v. Selas Corp. of America, 902 F.2d 703, 715 (9th Cir. 1990)
(explaining that an issue which has already been decided by the same court or a higher court in
the identical case cannot be relitigated).

1    II.    Movant's Ineffective Assistance of Counsel Claim

2          In his § 2255 motion, movant asserts that one of his trial attorneys, Mr. Bockman,

3    incorrectly informed him that Karejah and Ms. Shehadeh could have been prosecuted and

4    sentenced for up to 30 years in prison for witness tampering.  ECF Nos. 473 at 10; 473-1 at 3.[4]

5    According to movant, he entered his guilty plea based on that inaccurate information.  ECF No.

6    473-1 at 3.  "Had Mr. Bockman correctly advised me of the actual risk to Ms. Karajeh and Ms.

7    Shehadeh…, I would not have agreed to plead, but would have insisted on going to trial."  Id.

8    III.   Legal Standards

9          Movant carries the burden of establishing that he is entitled to post-conviction relief

10   pursuant to 28 U.S.C. § 2255.  See United States v. Frady, 456 U.S. 152, 170 (1982).  His

11   particular claim for relief is based on the Sixth Amendment guarantee of the right to the effective

12   assistance of counsel.

13         In order to establish ineffective assistance of counsel, two elements must be met.  First, a

14   defendant must show that, considering all the circumstances, counsel's performance fell below an

15   objective standard of reasonableness.  Strickland v. Washington, 466 U.S. 668, 688 (1984).  To

16   this end, a defendant must identify the acts or omissions that are alleged not to have been the

17   result of reasonable professional judgment.  Id. at 690.  The court must then determine, whether

18   in light of all the circumstances, the identified acts or omissions were outside the wide range of

19   professional competent assistance.  Id.  Second, a defendant must affirmatively prove prejudice.

20   Id. at 693.  Prejudice is found where "there is a reasonable probability that, but for counsel's

21   unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  A

22

23   ---

24   [4] Movant's claims regarding what Mr. Bockmon told him have evolved: In his affidavit in support
     of his motion to withdraw his guilty plea, movant averred that Mr. Bockman told him that his
     wife and sister **could** receive a **30**-year sentence" for witness tampering (emphasis added). ECF
25   No. 317 at 3.  In his affidavit in support of the current motion, movant asserts Mr. Bockman told
     him that his wife and sister "**could or would** both receive sentences of **30** years in prison"
26   (emphasis added).  Within the body of the § 2255 motion itself, counsel for movant asserts that
     Mr. Bockman told movant that Karejah and Ms. Shehadeh "**would** receive **30**-year prison
27   sentences" if prosecuted (emphasis added).  ECF No. 473 at 11.  Movant now appears to concede
     that he knew that the maximum penalty was 20 years at the time he accepted the plea agreement,
28   but his concession is in an unsworn affidavit upon which the court does not rely. ECF No. 509 at
     3.

1   reasonable probability is "a probability sufficient to undermine confidence in the outcome." <u>Id.</u>

2   <u>See also</u> <u>United States v. Murray</u>, 751 F.2d 1528, 1535 (9th Cir. 1985); <u>United States v.</u>

3   <u>Schaflander</u>, 743 F.2d 714, 717-718 (9th Cir. 1984) (per curiam).  With respect to a habeas

4   petitioner who pled guilty, the degree of prejudice which must be shown is a reasonable

5   probability that, but for counsel's errors, movant would not have pled guilty and would have

6   insisted on going to trial.  <u>Hill v. Lockhart</u>, 474 U.S. 52, 56-59 (1985).

7          If the court finds that movant's allegations are sufficient to support both prongs of the

8   <u>Strickland</u> test, "a district court must grant a hearing to determine the validity of a petition

9   brought under… [§ 2255], '[u]nless the motions and the files and records of the case conclusively

10  show that the prisoner is entitled to no relief.'"  <u>United States v. Blaylock</u>, 20 F.3d 1458, 1465

11  (9th Cir. 1994) (quoting 28 U.S.C. § 2255).  In other words, an evidentiary hearing is required if

12  (1) movant alleges "specific facts, which, if true would entitle him to relief; and (2) the petition,

13  files, and record of the case cannot conclusively show that the petitioner is entitled to no relief."

14  <u>United States v. Howard</u>, 381 F.3d 873, 877 (9th Cir. 2004).  No hearing is necessary if movant's

15  allegations, viewed against the record, fail to state a claim for relief or are "so palpably incredible

16  or patently frivolous as to warrant summary dismissal."  <u>United States v. McMullen</u>, 98 F.3d

17  1155, 1159 (9th Cir. 1996) (internal quotations and citations omitted); <u>see also</u> <u>Howard</u>, 381 F.3d

18  at 879 (bald, conclusory or inherently incredible allegations do not support a hearing).

19  IV.    <u>Analysis</u>

20         Even assuming movant has established that counsel's performance fell below an objective

21  standard of reasonableness in that he should have warned movant that Karejah and Ms. Shehadeh

22  had exposure for 15 years for bribery as opposed to 30 years for witness tampering[5], there is no

23  indication that movant would not have pled guilty had that warning been given.

24         What is clear from the record is that movant wanted to protect Karejah and Ms. Shehadeh

25  from prosecution to shield them and his children from the consequences of the actions he set in

26  motion with his criminal conduct.  As movant indicated when he wrote to Judge England on

27
_____
28  [5] The court does not herein find that counsel's performance was deficient. Rather, for the sake of
    brevity, the court chooses to focus on the second prong of the <u>Strickland</u> test.

March 9, 2018, about a month after he pled guilty:

> On Thursday night I spoke with Iman [Karejah] who informed me that the F.B.I. left their card on her door.

> On Friday morning Mr. Bockman told me that the prosecutor is going after my family.

> The U.S.A. is going after 4 year old boy and 15 year old girl . . . about to have heart surgery anytime.

> As Mathew was talking to me, my mind was with my family, I saw child protective services taking my kids away while the marshal taking [Karejah].  I saw Sophia falling on the ground.  I saw her dying.  I saw 3 other kids screaming for their mom.  I was consumed by fear . . .

> My family came first, Iman Karejah with 4 kids.  Sabreen Shehadeh with 3 kids.  Maria Shehadeh the owner of 4011 [West Nichols Avenue].

> I asked nothing for me except stay away from my family. . .

ECF 233.

The court received similar correspondence on April 9, 2018.  In that letter movant wrote:

> Mr. Bockman is well aware that I took the deal due to the government threatening to prosecute my family.  The protection of my family influenced my decision to accept the deal I was offered.

> The government was going after my four year old son . . .

ECF No. 246

When these contemporaneous written statements around the time of movant's guilty plea are viewed in conjunction with his statements during the plea colloquy, which are entitled to a presumption of truthfulness, the undersigned finds that movant has not demonstrated prejudice resulting from his attorney's asserted inaccurate advice.  See Blackledge v. Allison, 431 U.S. 63 (1977) (emphasizing that "[s]olemn declarations in open court [during a change of plea] carry a strong presumption of verity."); Rios v. Rocha, 299 F.3d 796, 805 (9th Cir. 2002) (emphasizing that a "[f]ailure to satisfy either prong of the Strickland test obviates the need to consider the other.").  The record supports the conclusion that the length of any potential maximum sentence for his family members was not the deciding factor in movant's decision to plead guilty; rather he wanted – and got – total immunity for them to protect his children from being separated from

1    their mothers.[6]

2          For all the foregoing reasons, the court cannot find that it is reasonably probable that

3    movant would not have pled guilty, and insisted upon going to trial, once the government agreed

4    to give immunity to his family members and forego forfeiture of the family home, whatever the

5    possible charges and terms of imprisonment attorney Mr. Bockman advised him about.  See Hill

6    v. Lockhart, 474 U.S. at 56-59 (explaining prejudice standard); United States v. Espinoza, 866

7    F.2d 1067, 1069 (9th Cir. 1988) (explaining the court's power to dismiss claims "conclusively

8    decided on the basis of documentary testimony and evidence in the record").  Therefore, the files

9    and records of this case conclusively demonstrate that movant is not entitled to relief.  See 28

10   U.S.C. § 2255(b).

11   V.    Evidentiary Hearing

12         In his reply brief, movant asks that the court hold an evidentiary hearing, but does not

13   identify what evidence he seeks to adduce.  The issues raised in movant's § 2255 motion do not

14   warrant an evidentiary hearing as the allegations can be decided based on the existing record.  See

15   Blackledge v. Allison, 431 U.S. 63, 76 (1977); see also United States v. Mejia–Mesa, 153 F.3d

16   925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing

17   on a § 2255 claim where the files and records conclusively show that the movant is not entitled to

18   relief.").  Accordingly, movant's request will be denied.

19   VI.   Miscellaneous

20         Movant has filed a motion to proceed in forma pauperis (ECF No. 515), a motion to

21   expedite ruling on the § 2255 motion addressed herein (ECF No. 514), and "an affidavit to clear

22   up a few matters cited by the Government in their opposition . . ." (ECF No. 509).  All three were

23   submitted by movant and not by counsel.  Under 28 U.S.C. § 1654, movant has the option of

24   proceeding pro se or through counsel.  As movant has elected to proceed through counsel, all

25   three documents will be stricken from the docket.

26   /////

27   _____

28   [6] The government also agreed not to forfeit the family home, another possibility which movant
     bargained to avoid.

6

Accordingly, IT IS HEREBY ORDERED that:

1. Movant's pro se motion to proceed in forma pauperis (ECF No. 515) is stricken.

2. Movant's pro se motion to expedite ruling on the § 2255 motion (ECF No. 514) is stricken.

3. Movant's pro se affidavit filed on September 15, 2022 (ECF No. 509) is stricken.

4. Movant's request that the court hold an evidentiary hearing is denied.

IT IS HEREBY RECOMMENDED that movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 473) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections, movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 6, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
sheh0038.257(2)